IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
ORLANDO PERDIGONSMITH,           )
          Petitioner,            )
                                 )
     v.                          ) Civil Action No. 05-749
                                 ) Chief Judge Donetta W. Ambrose
                                 ) Magistrate Judge Francis Caiazza
UNITED STATES DEPARTMENT OF      )
JUSTICE IMMIGRATION AND          )
NATURALIZATION SERVICE,          )
          Respondent.            )
```

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

## I. RECOMMENDATION

It is respectfully recommended that the Petition for a Writ of Habeas Corpus filed by Orlando Perdigonsmith be dismissed because this court lacks subject matter jurisdiction over his claims and because of his failure to state a claim upon which habeas corpus relief may be granted.

## II. REPORT

The Petitioner, Orlando Perdigonsmith, ("the Petitioner" or "Perdigonsmith"), is an alien presently confined at the York County, Pennsylvania Jail pending his removal from the United States. Perdigonsmith names the United States Department of Justice Immigration and Naturalization Service as the Respondent in his federal habeas petition. As properly recognized by the Respondent, effective March 1, 2003, the Immigration and Nationalization Service (INS) ceased to exist as an independent agency in the Department of Justice, and its responsibilities

were transferred to the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). Consequently, ICE is the proper Respondent in this action.

Perdigonsmith is a 37-year-old native and citizen of Venezuela. He arrived in the United States on or about August 5, 1996 in New York City. On April 29, 2003, in the Court of Common Pleas of Allegheny County, Perdigonsmith pleaded guilty to one count of Delivery of a Controlled Substance -Cocaine. See 35 Pa. Cons. Stat. § 780-113(a)(30). He was subsequently sentenced to a term of two to four years confinement. See Attach. A., Doc. 8. On July 2, 2003, while the Petitioner was in state custody, ICE issued a detainer alerting the Pennsylvania state authorities to contact ICE when Perdigonsmith approached the end of his state confinement so that immigration removal proceedings could be commenced. See Att. A at 12. On September 12, 2003, ICE also issued a Notice to Appear, notifying the Petitioner that upon the completion of his state custody, he would be placed into immigration proceedings and charged with removability from the United States as an aggravated felon pursuant to Immigration and Nationality Act (INA) § 237(a)(2)(A)(iii), codified at 8 U.S.C. § 1227(a)(2)(A)(iii).

On May 26, 2005, the Petitioner filed the instant action challenging the detainer and seeking a stay of his removal proceedings. In the alternative, he requested release on bail.

On July 19, 2005, the Petitioner was released from state custody on parole and immediately taken into civil immigration custody by ICE officers and transferred to the York County Jail to await his immigration removal hearing.

### *Perdigonsmith's Challenge to Detainer*

In this action, the Petitioner asserts that he is "being held solely on the basis of a detainer lodged against him by the Department of Justice" and requests this Court to dismiss the detainer. An immigration detainer constitutes a notice that future custody will be sought at the conclusion of a prisoner's pending confinement by another jurisdiction. It is also a request for prior notice regarding the termination of that confinement. See Roldan v. Racette, 984 F.2d 85, 88 (2d. Cir. 1993)(citing cases). The detainer, however, does not serve as a basis for custody and does not establish the requisite custody requirement for federal habeas corpus relief. See Zolicoffer v. Dep't of Justice, 315 F.3d 538, 539 (5th Cir. 2003) (holding that the lodging of a detainer does not put petitioner "in custody" under § 2241); Garcia v. INS, 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) ("The lodging of a detainer does not subject the petitioner to INS custody."). Thus, the Petitioner's challenge to the detainer should be dismissed because this court lacks subject matter jurisdiction.

Moreover, the detainer lodged against Perdigonsmith is no longer effectual because on July 19, 2005, he was released on parole by the Pennsylvania state authorities and immediately placed into the custody of ICE personnel. Consequently, any current challenge to the previously issued immigration detainer is now moot. Moreover, the Petitioner legally is in custody awaiting removal proceedings as is required under the provisions of 8 U.S.C. § 1226(c), which states:

> (c) Detention of criminal aliens
>
> (1) Custody
>
> The Attorney General shall take into custody any alien who ...
>
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title ...

Under this statute, the detention of Perdigonsmith is mandatory because he is an aggravated felon pursuant to the provisions of 8 U.S.C. § 1227(a)(2)(A)(iii). Moreover, section 1226(c)(1) precludes bail during the pendency of removal proceedings for those individuals designated as "criminal aliens." Consequently, this Court does not have jurisdiction to impose bail. Likewise, this Court is statutorily barred from considering the Petitioner's request for a stay under 8 U.S.C. § 1252(g), which divests courts of jurisdiction "to hear any cause or claim by or on behalf of any alien arising from the decision or action by the

Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." Thus, this Court does not have jurisdiction to stay the Petitioner's removal proceeding.

### III. CONCLUSION

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by Orlando Perdigonsmith be dismissed because this court lacks subject matter jurisdiction over the Petitioner's claims and because he has failed to state a claim upon which habeas corpus relief may be granted.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by March 23, 2006. Responses to objections are due by April 3, 2006. Failure to file timely objections may constitute a waiver of any appellate rights.

Francis X. Caiazza
U.S. Magistrate Judge

Dated: March 7, 2006

cc: The Honorable Donetta W. Ambrose
    United States District Judge, Chief

    Orlando Perdigonsmith, a# 075 774 150
    York County Jail
    3400 Concord Road
    York, PA 17402

5

Paul D. Kovac
United States Attorney's Office
700 Grant Street
Suite 4000
Pittsburgh, PA 15219